ROBERT E. BUTCHER and GLADYS K. BUTCHER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Butcher v. Commissioner
Docket No. 478-77.
United States Tax Court
T.C. Memo 1978-143; 1978 Tax Ct. Memo LEXIS 371; 37 T.C.M. (CCH) 616; T.C.M. (RIA) 780143; April 13, 1978, Filed Robert E. Butcher, pro se. William F. Hammack, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined a deficiency of $1,797.07 in petitioners' Federal income tax for their taxable year 1972. We have *372 been asked to decide whether petitioners may deduct under section 165(a) [1] the loss which they sustained on the demolition of their greenhouse. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioners, Robert E. and Gladys K. Butcher, are husband and wife who resided in Grosse Ile, Mich., at the time of filing their petition herein. The couple timely filed a joint Federal income tax return for 1972. In 1966 petitioners and their six children occupied a three-bedroom, one-bath house in Lincoln Park, Mich. Because of their need for more living space, they purchased a residence situated on approximately 4-1/2 acres of land in nearby Grosse Ile, Mich, for $75,000. The house contained some 4,500 square feet of living space and had a large greenhouse attached to it. [2] Also located on the property was an unattached three-car garage with apartment space above. [3] Shortly after its purchase, petitioners and their children moved into the house and have lived there since. [4]
*373 At the time they purchased the property, petitioners had no intention of using the residence or greenhouse attached thereto in a commercial manner. Nor have they realized any income from, or claimed depreciation on, either structure. With respect to the 4-1/2 acres surrounding the house, petitioners had hoped to, and subsequently did, sell portions of it at a profit. [5]
In 1972 petitioners demolished the greenhouse for reasons which included a desire to lower their property taxes, the possible construction by petitioners of a garage on the site where the greenhouse stood, and the belief that the elimination of the greenhouse would enhance the value of their remaining property while improving the appearance of their residence. On their 1972 Federal income tax return, petitioners deducted $5,462.80 which represented their basis in the greenhouse of $4,762.80, plus $700 of demolition costs. In his statutory notice of deficiency, respondent *374 disallowed the entire deduction. OPINION The only issue for decision is whether petitioners are entitled to deduct a loss sustained by them on the demolition of their greenhouse. Section 165(a) generally allows a deduction for any loss sustained which is not compensated by insurance or otherwise. This provision is limited in the case of an individual to only those losses which are incurred in a "transaction entered into for profit." [6] Section 165(c)(2). Briefly stated, petitioners contend that their primary motive for purchasing the property in question was their expectation of subsequently selling it at a profit.Therefore, petitioners argue, any loss incurred in connection with the property should be deductible. To the contrary, respondent maintains that petitioners' acquisition of the property was made primarily to obtain a residence for themselves and their children. Hence, any loss which petitioners may have sustained is in the nature of a nondeductible personal loss. We agree with respondent. In Austin v. Commissioner,35 T.C. 221 (1960), *375 affd. 298 F.2d 583 (2d Cir 1962), the taxpayer, in need of temporary housing for himself and his family, purchased some residential property which he thought could be resold later at a profit. This property consisted of 220 acres with a house and some smaller buildings.Several years later, during which time the taxpayer and his family occupied the house, the property was sold at a loss. This Court determined that the loss was not deductible because we found the taxpayer's primary motive in acquiring the property was personal, viz., to provide himself and his family with a residence. Our decision was later affirmed and in so doing the Second Circuit, in response to the taxpayer's argument that to support a loss under section 165 profit realization need only be a motive for the purchase of the property, stated: But the position for which petitioners contend would not provide a workable interpretation of § 165. It is true generally of people who buy property for residential purposes that they are interested in making potentially profitable purchases. The statute makes no provision for the apportionment of the loss when a transaction is entered into both to satisfy *376 a personal or family need and to make a profit. A primary motive of acquiring a family residence brings the purchase within the ambit of § 262 of the Internal Revenue Code, * * * which provides that "no deduction shall be allowed for personal, living or family expenses." The logical interrelation of § 165 and § 262 requires a decision as to which of the two motives was dominant, so that one or the other section can be applied. * * * [298 F.2d at 584.] Thus, in reaching our decision in the present case, we must decide whether petitioners' acquisition was primarily motivated by personal considerations or to make a profit. Undeniably petitioners' decision to acquire the Grosse Ile property was based in part on personal or family needs and in part because petitioners expected to later sell part or all of the property at a profit. However, of the two motives--personal and profit--we believe the evidence shows the predominant one to be the former. Specifically, petitioners had a large family and acquired the Grosse Ile property to accommodate their need for more living space. Shortly after its acquisition, petitioners moved into the residence *377 located on the property and have occupied it since. Finally, petitioners have made no serious attempts to sell the residence or utilize it for any commercial purpose. In short, the evidence indicates that petitioners would not have even purchased the property except for their need for a larger residence. Accordingly, because the acquisition [7] of the Gross Ile property was primarily motivated by personal considerations and because the greenhouse was not used by petitioners in any commercial manner, we hold that the loss sustained by petitioners from its demolition was personal in nature and therefore not deductible. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. The dimensions of the greenhouse were 18 feet by 63 feet. ↩
3. The apartment was rented at the time petitioners purchased the property and at all relevant times thereafter. ↩
4. Subsequent to their moving in 1966, petitioners have owned no other property which could have been used by them as a residence. In addition, from the time of its acquisition to the time of trial, no serious attempt has been made to sell the house on the Grosse Ile property.↩
5. Approximately 1/3 of the acreage was sold in 1970 and 1/3 in 1971. The parcel sold in 1971 included the three-car garage and apartment. The family residence and greenhouse were located on the 1/3 of the acreage which was retained.↩
6. Petitioners do not allege that the loss was incurred in a trade or business or as the result of a casualty.↩
7. Even if we were able to find that petitioners possessed an initial↩ profit-making motive, we think the evidence would support the conclusion that such motive could not have continued to be a dominant one with respect to the property on which the greenhouse was located.